UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| Tiffany Elmore, ) | C/A No.  4:13-cv-2981-MGL-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Superintendant, Leath Corr. Insti., ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Tiffany Elmore (Petitioner/Elmore), is currently incarcerated at Leath Correctional Institution. Petitioner appearing *pro se*, filed her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 4, 2013. Respondent filed a motion for summary judgment on June 4, 2014, along with a return, supporting memorandum, and exhibits. (Docs. #26 and #27). The undersigned issued an order filed June 5, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if she failed to respond adequately. Petitioner failed to file a response.

**RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so she is entirely responsible for her actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring her to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is recommended that Respondent's motion for summary judgment be granted and this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent in his memorandum has not been disputed. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

The Petitioner, Tiffany Elmore, is presently confined at the Leath Correctional Institution pursuant to orders of commitment from the Clerk of Court for Greenville, South Carolina. The

Applicant was indicted at the September 2005 term of the Greenville County Grand Jury for murder (2005-GS-23-7611). She was represented by Daniel J. Farnsworth, Esquire. On September 12, 2007, the Applicant pleaded guilty to the lesser-included offense of voluntary manslaughter. She was sentenced by the Honorable Carmen T. Mullen to twenty (20) years imprisonment. The Applicant did not appeal.

The Petitioner filed an application for post-conviction relief (PCR) on February 11, 2011. Elmore v. State, 2011-CP-23-01059. In her application, the Applicant alleged she was being held in custody unlawfully for the following reasons:

1. Ineffective assistance of counsel:

    a. Failed to suppress State's evidence.

    b. Allowed self-incrimination.

    c. Failed to file a notice of appeal.

2. Involuntary guilty plea:

    a. Pled guilty based on counsel's promise she would receive probation.

3. "Police used presence on the crime scene, to violate Miranda rights."

The Respondent made its return and partial motion to dismiss on May 26, 2011. The basis for the motion was that the application was untimely under S.C. Code Section 17-27-45 because the Petitioner had pleaded guilty on September 12, 2007 and the PCR application was filed on February 11, 2011, which was two years and four months after the statutory filing period expired. The Respondent further requested that counsel be appointed on the remaining ground concerning whether he had advised her of her right to appeal from the guilty plea and sentence.

A hearing into the matter was convened on February 14, 2013, at the Greenville County

Courthouse before the Honorable William Jeffrey Young, Presiding Judge. The Applicant was present and represented by Matthew P. Head, Esquire. Karen C. Ratigan, Esquire of the South Carolina Office of the Attorney General represented the Respondent. The Court had before it a copy of the guilty plea transcript, the records of the Greenville County Clerk of Court, the Applicant's records from the South Carolina Department of Corrections, the PCR application, letters the South Carolina Court of Appeals (dated August 20, 2009) and the United States Court of Appeals for the Fourth Circuit (August 3, 2009) sent to the Applicant, and the return and partial motion to dismiss. On March 4, 2013, Judge Young filed his Order of Dismissal dated February 22, 2013.

The Petitioner, through counsel Head, filed a timely notice of appeal on March 26, 2013. On April 15, 2013, counsel Head made a letter response to the Clerk of the South Carolina Supreme Court asserting that he was unable to find a good faith arguable basis that the decision of the PCR court was improper. The Petitioner filed a pro se response subsequently which was received by the South Carolina Supreme Court on April 26, 2013. In the two letters on that date, Petitioner essentially asserted:

I. Reasons Why PCR Application Was Not Filed Sooner.
   a. Papers showed he had written the appellate courts about status of his appeal (August 2009).
   b. He claims that he thought plea counsel Farnsworth had filed an appeal for him.
   c. PCR judge said it was over one year after he had learned that he did not have a direct appeal that he filed his PCR application.
      i. He claims that he failed to file more timely because his mother died in March 2010. (Note – advised the there was no appeal in April 2009, PCR filed February 11, 2011).
      ii. Petitioner felt PCR judge was cruel.
      iii. Petitioner claims he was not allowed to speak from the witness stand like other PCR applicant's that week.
   d. Petitioner claims PCR order was wrong when it indicated that "as to

    any and all allegations raised in the application or at the hearing and not addressed in this order, this Court finds that the Applicant failed to present any evidence regarding such allegations" because Petitioner asserts that there was no time to present any evidence because the PCR judge denied relief immediately because it was a late filing.

II. Issues Petitioner wanted to raise in appeal.

  a. In March 2005 after arrest, Petitioner was questioned, but she does not recall much or writing a statement. She asserts that she should have been drug tested.

  b. She asserts that a newspaper article stated that she was 34 years old, when she was only 20 years old at that time (2005).

  c. Evidence was suppressed in the case.
    i. PCR lawyer Head stated that this issue could have been brought up if she had not pled guilty. She claims that she was not aware of a lot of evidence in the case. She claims she did not learn of a lot of the evidence until her plea and some of it she was not aware of until after the plea when a friend got her paperwork from the clerk of court.
    ii. She claims her co-defendant told a man that he was locked up with that he committed the crime, but she did not see this evidence.
    iii. She claimed she recently learned that her co-defendant told this man that he was locked with everything he did and even told him that he was going to lay it on her. She stated if she knew this she would not have pleaded guilty.
    iv. Mr. Farnsworth convinced me and my mother that the plea was the best thing to do.
    v. She claimed that there was evidence that the co-defendant stated that he would kill her and put her in a well to keep her from testifying against him.
    1. She claimed that the co-defendant admitted sending someone to kill the other witness "Eddie Elders" and it was only his word against hers.
    2. She claimed that the co-defendant admitted killing the other witness who knew what happened.
    3. She claimed that the co-defendant admitted the crime to Mr. Frick and threated[sic] to kill him for writing a statement against him.

5

        4.        She claimed that the co-defendant admitted the murders he had done and threated[sic] to do more. She claimed that these matters were not mentioned at her plea hearing.

        5.        She asserted that she had met the co-defendant through the victim Aunt Tommy and known him only three weeks.

    III.    She stated that she is aware that she pleaded guilty when she was 23, but she was scared and should have fought for her innocence. She stated that she trusted Farnsworth who advised that her sentence would be 0-20 years and she thought she would be going home.

a. She also claimed that a person at the detention center named "Kizzy Briggman" or "Bridgemen" told her after her arrest that the co-defendant to this person what he was being locked up for and that she had nothing to do with it. When this person got out of lock-up, she told the Petitioner. Petitioner claimed that she told her plea counsel that she would make a statement, but Mr. Farnsworth never contacted her.

Letters dated April 21, 2013.

On April 30, 2013, the Supreme Court of South Carolina issued its order dismissing the appeal because petitioner was unable to provide an adequate explanation under SCACR Rule 243 (C) or Rule 203 (d)(1)(B) that the matter should be dismissed. <u>Tiffany Diane Elmore v. State of South Carolina</u>, Appellate Case No. 2013-000658 (S.Ct.S.C. April 30, 2013). The remittitur was issued on May 16, 2013.

## **PETITIONER'S GROUNDS FOR RELIEF**

In her *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

GROUND ONE:    Defendant is not guilty-plea was irrational.

    a.    Plea is unintelligible.

    b.    Defendant was never identified by any as a witness

6

      c.      Counsel was ineffective

(Petition).

As to the timeliness of the petition, Petitioner asserts in ¶18 of the petition, "newly discovered evidence," "miscarriage of justice" "irrational plea/conviction," "ineffective assistance of counsel ("Anders" violation)."

The Petitioner attached an additional pleading with her petition. Doc. 18-1. In this document she essentially asserted:

1. Facts support plea were unintelligible.

   a. She contends that the factual basis of the plea were filled with unintelligible pronouns She contends that the "oratory is so filled with imprecise pronouns that there is no way to to understand what is being said." The Petitioner then parses various examples from the guilty plea transcript.
   b. He contends that there was no basis for the court to accept the plea.

2. The defendant was a victim of a miscarriage of justice and is entitled to her day in court.

   a. The Petitioner cites to cases concerning when successive PCR applications are permitted. Williams v. Ozmint, 380 S.C. 473, 477, 671 S.E.2d 600 (2008); Aice v. State, 305 S.C. 448, 409 S.E.2d 392 (1991), among others. The Petitioner then asserts that there is no evidence that the trial or appellate counsel sought review of these crucial issues and that the statute of limitations does not apply to Austin claims, the defendant is not restricted by time limitations. Specifically, the equitable doctrine of laches does not apply to Austin claims as the statute of limitations found in S. C. Code Ann. 17-27-45(A) does not apply to Austin claims citing Whitehead v. State, 352 S.C. 215, 574 S.E.2d 200 (2002).

3. Newly Available Evidence.

   a. Petitioner claims that he relied upon the judgment of her attorney who she now claims did not understand that the statement of the facts did not implicate her in the crime. She

7

>       now claims that the charges were vague and asserts that she
>       would have prevailed at trial if the case went to a jury. She
>       claims that because she was untrained it took her longer to
>       identify the court's error.2
> b.    She claims that the her guilty plea was fundamentally flawed
>       and should be vacated.

## **SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the

fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent argues that the Petitioner's claims must be dismissed as untimely.  Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996.  The

AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on September

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

12, 2007. Petitioner did not appeal her conviction so that the statute began to run on September 22, 2007. Petitioner had one year from this date to file her federal habeas corpus action unless the period was at any time tolled. *See, e.g.,* Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Petitioner did not file her PCR application until February 11, 2011. Petitioner filed her habeas petition on October 13, 2013. Therefore, the instant petition is time-barred and should be dismissed.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling

11

applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

There is no evidence that warrants equitable tolling. Petitioner has not demonstrated that she pursued her rights diligently or that some extraordinary circumstances stood in her way to prevent her from timely filing her federal habeas petition.[3] Therefore, it is recommended that the petition be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice. Alternatively, if should be dismissed as barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #27) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

---

[3] To any argument by Petitioner that she did not receive a letter until 2009 that her case had not been appealed, she still did not file a state PCR action within one year of receipt of the letter.

It is further RECOMMENDED that any outstanding motions be deemed MOOT.

                                                    Respectfully Submitted,

                                                    s/Thomas E. Rogers, III
                                                    Thomas E. Rogers, III
July 11, 2014                                    United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**